# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARK MICHAEL FORD,

    Petitioner,

vs.

BRIAN WILLIAMS, *et al.*,

    Respondents.

Case No. 2:13-cv-00087-APG-PAL

**ORDER**

    This action is petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner represented by counsel. Before the Court is respondents' motion to dismiss.

**I. Procedural History**

    Pursuant to a jury trial and a judgment of conviction filed May 25, 2004, petitioner was found guilty of second degree murder with the use of a deadly weapon (Count I) and burglary while in possession of a firearm (Count II). (Exhibits 55 & 57).[1] Petitioner was sentenced as follows: Count I, life with the possibility of parole after 10 years served, plus an equal and consecutive term for the use of a deadly weapon; Count II, 22-96 months, consecutive to Count I. Petitioner received 409 days credit for time served. (Exhibit 57).

    Petitioner pursued a direct appeal. (Exhibit 59). On January 26, 2005, petitioner filed his opening brief on direct appeal. (Exhibit 62). Respondents filed an answering brief on February 10, 2005. (Exhibit 63). Petitioner filed a reply brief on April 13, 2005. (Exhibit 64). On July 20, 2006, the Nevada Supreme Court issued a published opinion affirming petitioner's conviction. (Exhibit 67; *Ford v. State*, 122 Nev. 796, 138 P.3d 500 (Nev. 2006)). The Nevada Supreme Court

---

[1] The exhibits referenced in this order are found in the Court's record at Dkt. #10-18.

subsequently denied petitioner's petitions for rehearing and en banc reconsideration. (Exhibits 68 & 71). Remittitur was issued on October 24, 2006. (Exhibit 70).

Petitioner, proceeding *pro se*, filed a post-conviction habeas petition in state district court on October 18, 2007. (Exhibit 79). The trial court denied the petition. (Exhibit 89). Petitioner appealed the denial of his petition. On February 4, 2009, the Nevada Supreme Court filed an order of reversal and remand, finding that the state district court had abused its discretion in denying the petition without appointing counsel. (Exhibit 91). Upon return to state district court, an attorney was appointed to assist petitioner with his post-conviction proceedings. (Exhibit 93). On June 1, 2010, counsel for petitioner filed a supplemental habeas petition in state district court, raising ineffective assistance of counsel claims. (Exhibit 94). An evidentiary hearing was set for February 2, 2011. (Exhibit 98). The court ordered further briefing by the parties. (*Id.*). Petitioner's counsel filed a supplemental brief on March 7, 2011. (Exhibit 99). The State filed a supplemental brief on April 12, 2011. (Exhibit 100). After reviewing the supplemental briefs, the state district court denied the petition. (Exhibits 101 & 102).

Petitioner filed a notice of appeal from the denial of his post-conviction habeas petition. (Exhibit 103). Petitioner's opening brief was filed on February 23, 2012. (Exhibit 106). On December 12, 2012, the Nevada Supreme Court issued an order affirming the denial of the post-conviction habeas petition. (Exhibit 110). Remittitur issued on January 7, 2013. (Exhibit 111).

Petitioner dispatched his *pro se* federal petition to this Court on January 11, 2013. (Dkt. #7, at p. 1). On April 2, 2013, this Court granted petitioner's motion for counsel and appointed the Federal Public Defender to represent petitioner in this action. (Dkt. #6). Through counsel, petitioner filed a first amended petition on April 16, 2013. (Dkt. #9). On November 15, 2013, through counsel, petitioner filed the second amended petition. (Dkt. #28). Respondents have filed the instant motion to dismiss, arguing that portions of the second amended petition are unexhausted, barred by

2

*Stone v. Powell*, 428 U.S. 465 (1976), and present non-cognizable questions of state law. (Dkt. #34). Petitioner has opposed the motion. (Dkt. #37). Respondents have filed a reply. (Dkt. #40).

## II. Discussion

### A. Ground One

Petitioner alleges that: "Petitioner Ford's right to be protected from an unreasonable search and seizure and his rights under the Fifth and Sixth Amendment as found in *Miranda* were violated when the police did not correctly follow procedures for arresting him." (Dkt. #28, at p. 7). Ground One appears to assert at least three separate claims: (1) that petitioner's rights under *Miranda v. Arizona*, 384 U.S. 436 (1966) were violated; (2) that petitioner's Fourth Amendment search and seizure rights were violated; and (3) that the police failed to properly follow Nevada's Constitution and Nevada's statutory scheme for the detention and arrest of petitioner as a suspected juvenile delinquent. (*Id.*, at pp. 7-11).

#### 1. Fourth Amendment Claim

Respondents argue that petitioner's Fourth Amendment claim is barred by the rule announced in *Stone v. Powell*. Where a state has provided a defendant with a full and fair opportunity to litigate a Fourth Amendment claim, "a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 495 (1976); *see also Kuhlmann v. Wilson*, 477 U.S. 436, 446-47 (1986). The United States Supreme Court has determined that excluding Fourth Amendment claims from habeas corpus review created no danger that the courts would deny a safeguard against compelling an innocent man to suffer an unconstitutional loss of liberty because a convicted defendant seeking review of a Fourth Amendment claim on collateral review is "usually asking society to redetermine an issue that has no bearing on the basic justice of his incarceration." *Kuhlmann*, 477 U.S. at 447.

3

In Ground One, petitioner asserts a violation of his right to be free from unreasonable search and seizure under the Fourth Amendment incident to his detention and arrest. It is clear from the record that petitioner was given a full and fair opportunity to litigate his Fourth Amendment claim before the state courts. *See Terrovona v. Kinchloe,* 912 F.2d 1176 (9th Cir. 1990); *Abell v. Raines,* 640 F.2d 1085 (9th Cir. 1981). Specifically, petitioner alleges that his initial detention, and the seizure of certain items of clothing, fingerprinting, photographing, and the collection of a buccal swab during that detention, and his subsequent arrest, violated his right to be free from unreasonable searches and seizures. Petitioner filed a motion to suppress evidence in the state district court, relying on the Fourth Amendment. (Exhibit 30). The state district court held a hearing and granted petitioner's motion to suppress all of the clothing seized by police, except his sweatshirt and beanie stocking cap. (Exhibit 42). Petitioner also raised the Fourth Amendment claim on direct appeal to the Nevada Supreme Court. (Exhibit 62). The Nevada Supreme Court affirmed the district court's ruling on petitioner's motion to suppress. (Exhibit 67). The Fourth Amendment claim raised in the federal habeas petition was exhaustively litigated in the state courts below. Because petitioner had the opportunity to fully and fairly litigate the Fourth Amendment claim that he now presents in his federal habeas petition, this Court is precluded from reviewing that claim and it will be dismissed.

## 2. Claims under the Nevada Statutes and Nevada Constitution

Respondents argue that petitioner's claims made under Nevada statutes and the Nevada Constitution are not cognizable claims for federal habeas relief. A petitioner in a federal habeas action is only entitled to relief "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire,* 502 U.S. 62, 68 (1991). Allegations that a state court failed to properly apply state law are not cognizable in a federal habeas action. *See Swarthout v. Cooke,* 131 S.Ct. 859, 862-63 (2011); *Engle v. Isaac,* 456 U.S. 107, 119 (1982); *see also Missouri v. Hunter,* 459 U.S. 359,

1  368 (1983) (recognizing that federal courts on habeas review are bound by a state's interpretation of
2  that state's statutory provisions); *Murdoch v. Castro*, 365 F.3d 699, 703 n.1 (9th Cir. 2004) ("We are
3  not a State Supreme Court of errors; we do not review questions of state law. On federal habeas we
4  may only consider whether the petitioner's conviction violated constitutional norms. *Jammal v. Van*
5  *de Kamp*, 926 F.2d 918, 919 (9th Cir. 1991)."). As such, to the extent that petitioner asserts a
6  violation of the Nevada Constitution, this claim is not cognizable in federal habeas corpus law.
7  Moreover, states are free to provide more protections than are required by the United States
8  Constitution or federal law regarding the detention and arrest of anyone, including juveniles, but the
9  violation of such state laws does not state a claim for federal habeas relief. *See, e.g. U.S. v. Bell*, 54
10 F.3d 502, 503-04. To the extent that petitioner alleges that the police violated provisions of the
11 Nevada statutes governing the detention and arrest of suspected juvenile delinquents when they
12 detained him and arrested him, this fails to state a cognizable claim for federal habeas relief.

### 3. Claim pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966)

14 Petitioner alleges that the police failed to properly give him the required *Miranda* warnings
15 before questioning him. Under *Miranda*, a person in custody must be informed before interrogation
16 that he or she has the right to remain silent and to have a lawyer present. *Miranda v. Arizona*, 384
17 U.S. 436 (1966). A person may waive his or her *Miranda* rights provided that the waiver is
18 knowing, intelligent, and voluntary. *Miranda*, 384 U.S. at 479; *North Carolina v. Butler*, 441 U.S.
19 369, 373 (1979). The totality of circumstances approach is the standard used for adults and juveniles
20 in determining whether a *Miranda* waiver was knowing, intelligent, and voluntary. *Fare v. Michael*
21 *C.*, 442 U.S. 707, 723 (1970). For juveniles, the totality of the circumstances test "includes an
22 evaluation of the juvenile's age, experience, education, background, and intelligence, and . . .
23 whether he has the capacity to understand the warnings given him, the nature of his Fifth
24 Amendment rights, and the consequences of waiving those rights." *Juan H. v. Allen*, 408 F.3d 1262,

5

1271 (9th Cir. 2005) (quoting *Fare v. Michael C.*, 442 U.S. at 725). Respondents do not challenge this claim on exhaustion grounds. Petitioner's *Miranda* claim in Ground One shall proceed.

**B. Ground Two**

Petitioner alleges in Ground Two: "The defendant was denied due process because the jury instruction for murder and manslaughter held him to the same level of intent as an adult even though he is [was] a fifteen year old child [at the time of the commission of the crimes]." (Dkt. #28, at p. 11). Petitioner argues that petitioner's due process rights were violated because the jury instructions failed to take into consideration the age, intelligence, and experience of the defendant when the defendant is a juvenile charged as an adult. (*Id.*, at pp. 11-15). Respondents argue that Ground Two is unexhausted because petitioner failed to properly federalize the claim when it was presented to the Nevada Supreme Court.

**1. Exhaustion**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). To satisfy exhaustion, each of petitioner's claims must have been previously presented to the Nevada Supreme Court, with references to a specific constitutional guarantee, as well as a statement of facts that entitle petitioner to relief. *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2002). The federal constitutional

1  implications of a claim, not just issues of state law, must have been raised in the state court to
2  achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404
3  U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is]
4  asserting claims under the United States Constitution" and given the opportunity to correct alleged
5  violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); see *Hiivala*
6  *v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a
7  simple and clear instruction to potential litigants: before you bring any claims to federal court, be
8  sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir.
9  2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)).

10  Respondents argue that petitioner failed to properly federalize this claim when presenting it
11  to the Nevada Supreme Court. In the opening brief on direct appeal to the Nevada Supreme Court,
12  petitioner argued that he was denied due process because the jury instructions for murder and
13  manslaughter held him to the same level of intent as an adult, even though he was fifteen years old
14  when he committed the crimes. (Exhibit 62, at pp. 32-39). Respondents appear to argue that
15  petitioner must cite the relevant federal constitutional provision and violation, and also cite federal
16  case law directly on point in order to properly federalize a claim in state court. This is not required
17  to properly federalize a claim for exhaustion purposes. "In order to alert the state court, a petitioner
18  must make reference to provisions of the federal Constitution *or* must cite either federal or state case
19  law that engages in a federal constitutional analysis." *Fields v. Waddington*, 401 F.3d 1018, 1021-22
20  (9th Cir. 2005) (emphasis added); see also *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005)
21  (petitioner must make the federal basis of the claim explicit either by referencing specific provisions
22  of the federal constitution or statutes, *or* by citing to federal case law). Petitioner asserted that his
23  due process rights were violated because the jury instructions for murder and manslaughter held him
24  to the same level of intent as an adult, even though he was fifteen years old when he committed the
25  crimes. In his opening brief to the Nevada Supreme Court, petitioner cited to the Due Process
26

Clause of the Constitution. (Exhibit 62, at pp. 32-39). Petitioner's due process claim in Ground Two of the second amended petition was properly federalized, and exhausted, in the state courts.

### 2. Cognizability

Respondents argue that Ground Two of the second amended petition is not cognizable in federal habeas law. Respondents contend that petitioner is challenging the definition of elements of a criminal offense, including the standard of reasonableness applied in a homicide case with a juvenile defendant. Respondents argue that substantive elements of state criminal law are defined by state law and are not issues for a federal habeas court.

In Ground Two, petitioner argues that several jury instructions given at his trial denied him due process. Petitioner alleges that the trial court's failure to provide the jury with an instruction on reasonableness that took into account his age, intelligence, and experience at the time of the commission of the crimes violated his due process rights. To obtain federal habeas relief based on an improper jury instruction, petitioner must establish that the instruction so infected the entire trial that the resulting conviction violates due process. *Masoner v. Thurman*, 996 F.2d 1003, 1006 (9th Cir. 1993); *Estelle v. McGuire*, 502 U.S. 62, 72 (1991); *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977). In reviewing jury instructions, the court inquires as to whether the instructions as a whole were misleading or inadequate to guide the jury's deliberation. *U.S. v. Garcia-Rivera*, 353 F.3d 788, 791 (9th Cir. 2003) (citing *United States v. Frega*, 179 F.3d 793, 806 n.16 (9th Cir. 1999) (internal citations omitted). Even if an instructional error is found, it is subject to harmless error review. *Calderon v. Coleman*, 525 US. 141 (1998) (citing *Brecht v. Abrahamson*, 507 U.S. 619 (1993)). The question on federal habeas review is whether the instructional error had a "substantial and injurious effect or influence in determining the jury's verdict." *Id.* Petitioner's due process challenge to the trial court's jury instructions states a cognizable claim for federal habeas corpus relief. As the jurisprudence indicates, to obtain relief, petitioner ultimately must demonstrate that the state court's instructional errors so infected the trial that the resulting conviction violates due process. Petitioner

has alleged adequate facts to allow this claim to go forward and be heard on the merits. Respondents' motion to dismiss Ground Two of the second amended petition is denied.

### III. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (Dkt.#34) is **GRANTED IN PART AND DENIED IN PART,** as follows:

    1. Petitioner's Fourth Amendment search and seizure claim in Ground One is **DISMISSED WITH PREJUDICE** pursuant to *Stone v. Powell*, 428 U.S. 465 (1976).

    2. Petitioner's claims made under Nevada statutes and the Nevada Constitution in Ground One are **DISMISSED WITH PREJUDICE** for failure to state a cognizable federal habeas claim.

    3. Petitioner's *Miranda* claim in Ground One **SHALL PROCEED**.

    4. Ground Two **SHALL PROCEED** in its entirety.

    5. Ground Three **SHALL PROCEED** in its entirety.

**IT IS FURTHER ORDERED** that respondents **SHALL FILE AND SERVE AN ANSWER** to the remaining grounds of the second amended petition within **thirty (30) days** from the entry of this order. The answer shall include substantive arguments on the merits as to each ground of the second amended petition. **No further motions to dismiss will be entertained.**

**IT IS FURTHER ORDERED** that petitioner **SHALL FILE AND SERVE A REPLY** to the answer, within **thirty (30) days** after being served with the answer.

Dated this 4th day of August, 2014.

_____
UNITED STATES DISTRICT JUDGE